UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 2:05-CR-103 |
| V. | ) | District Judge Greer |
| | ) | Magistrate Judge Inman |
| MATTHEW PATTON NUNLEY | ) | |

**O R D E R**

The defendant has filed a motion to stay the prosecution of this case until an appeal in a prior case is concluded before the Sixth Circuit Court of Appeals [Doc. 15]. This motion has been referred to the Magistrate Judge pursuant to the standing order of the Court and 28 U.S.C. § 636.

In case No. 2:04-CR-26, the defendant was indicted for manufacturing pipe bombs. That matter proceeded to trial and defendant was convicted. However, the District Judge granted a new trial on the basis that certain evidence was admitted in violation of *Crawford v. Washington*, 541 U.S. 36 (1004). The government appealed the District Judge's ruling, and that matter is now pending before the Sixth Circuit Court of Appeals. The defendant remained on pretrial release pending the outcome of the appeal and, at least potentially, his re-trial in case No. 2:04-CR-26.

Subsequently, defendant was indicted in the instant case for making false statements in regard to his purchase of a number of firearms while under indictment in

the earlier case. He has been detained under *both* cases; his pretrial release was revoked in case No. 2:04-CR-26, and he has been independently detained in case No. 2:05-CR-103.

Defendant asks that all proceedings in this case (2:05-CR-103) be stayed until the appeal in 2:04-CR-26 is concluded, asserting (1) there will be no Speedy Trial Act problem, and (2) any term of imprisonment in the present case will be imposed consecutively to any sentence he might receive in the first case.

The government opposes the motion.

There does not appear to be any valid reason to stay the prosecution of this case. Rather obviously, the two cases are related to the extent that the defendant's actions that led to his indictment in the present case would not have been an offense but for his pending indictment in the previous case. Nevertheless, that relationship is no impediment to the prosecution of 2:05-CR-103, the present case. Assuming defendant committed the acts with which he is charged, the offense was complete the moment he represented to the gun dealers that he was not under indictment for any felony. Moreover, defendant is in pretrial detention, and to await the outcome of the appeal before the Sixth Circuit likely would mean that he would remain in detention for an extended period of time, perhaps even years.

Regardless of the outcome of the appeal before the Sixth Circuit, these cases would have to be tried separately. The situation described above does not fall within

2

Case 2:05-cr-00103-JRG   Document 18   Filed 01/20/06   Page 2 of 3   PageID #: 29

any of the factors in 18 U.S.C. § 3161(h).

Defendant's motion to stay is DENIED.

SO ORDERED:

s/ Dennis H. Inman<br>United States Magistrate Judge

3